___ FILED     ___ ENTERED
___ LOGGED    ___ RECEIVED

10:30 am, May 28 2024
AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ____R.C.____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN THE MATTER OF THE ) | No. 1:24-mj-1170-CDA |
| ADMINISTRATIVE INSPECTION OF ) | |
| ALI EL MOHANDES DEA FE4897027 ) | |
| 940 SETON DRIVE ) | |
| CUMBERLAND, MARYLAND 21502 ) | |

**APPLICATION AND AFFIDAVIT FOR ADMINISTRATIVE WARRANT UNDER THE CONTROLLED SUBSTANCES ACT, 21 U.S.C. § 880(d)**

1. This affidavit seeks an administrative inspection warrant, pursuant to the Controlled Substances Act, 21 U.S.C. §§ 880 *et seq.*, of the current place of business of ALI EL MOHANDES, M.D. located at 940 Seton Drive, Cumberland, Maryland 21502 ("EL MOHANDES" or the "Controlled Premises"). Pursuant to 21 U.S.C. § 880(b)(1), the purpose of this inspection is to verify the correctness of controlled substance inventories, records, reports, and other documents required to be kept under the Controlled Substances Act and to protect the public health and safety.

2. 21 U.S.C. § 880(d)(1) provides:

> Any judge of the United States or of a State court of record, or any United States magistrate judge, may, within his territorial jurisdiction, and upon proper oath or affirmation showing probable cause, issue warrants for the purpose of conducting administrative inspections authorized by this subchapter or regulations thereunder, and seizures of property appropriate to such inspections. For the purposes of this section, the term "probable cause" means a valid public interest in the effective enforcement of this subchapter or regulations thereunder sufficient to justify administrative inspections of the area, premises, building, or conveyance, or contents thereof, in the circumstances specified in the application for the warrant.

Based on the facts set forth as follows, I believe there is probable cause[1] for the requested warrant.

3. That the Affiant, Guy P. McCartney, is a duly appointed Diversion Investigator of the Drug Enforcement Administration (DEA), United States Department of Justice, assigned to the Hagerstown, Maryland Resident Office.

4. That in August of 2012, the Affiant was hired by the DEA, and during his employment with the DEA, has received training in the manufacture, distribution, and dispensation of controlled substances, including those controlled substances dispensed through registered pharmacies, registered practitioners, and the corresponding records and inventories that are required pursuant to the Comprehensive Drug Abuse Prevention and Control Act of 1970 (Public Law 91-513). Prior to being hired by DEA, the Affiant was a Maryland Natural Resources Police Officer with 26 years of service. For six years as a Natural Resources police Officer, the Affiant was a DEA Task Force Officer assigned to the Hagerstown Resident Office. The Affiant has been the Affiant on several federal search warrants and several administrative search warrants

---

[1] Probable cause in the traditional criminal-law sense is not required to support the issuance of an administrative inspection warrant. *See, e.g.*, *United States v. Nechy*, 827 F.2d 1161, 1163-64 (7th Cir. 1987); *United States v. Merkosky*, No. 1:02-cr-00168, 2008 WL 5169640, at *15 (N.D. Ohio Dec. 9, 2008).

in the District of Maryland and the Northern District of West Virginia.

5. That pursuant to 21 U.S.C. §§ 878(a)(2) and 880(b)(1),(2), and (3), and 21 Code of Federal Regulations (C.F.R.) Appendix to Subpart R, the Affiant is authorized to execute administrative inspection warrants to inspect controlled premises of persons and firms registered under the Controlled Substances Act, to inspect and verify the correctness of all records, reports, and other documents required to be kept or made under 21 U.S.C. § 827, and 21 C.F.R. § 1304.01. Specifically, the Controlled Substances Act authorizes the DEA to conduct administrative inspections to: (1) inspect and copy records, reports, and other documents required to be kept or made under the Controlled Substances Act; (2) inspect the controlled premises, all pertinent equipment, drugs, and other substances or materials, containers, and labeling found therein (including records, files, papers, processes, controls, and facilities) appropriate for verification of the records, reports, and documents, or otherwise bearing on the Controlled Substances Act; and (3) inventory the stock of any controlled substance and obtain samples of such substance. *See* 21 U.S.C § 880(b)(3).

6. That certain prescription drugs, such as narcotics, stimulants, depressants, hallucinogens, and anabolic steroids are scheduled substances under the Controlled Substances Act. Drugs

and other substances that are considered controlled substances under the CSA are divided into five schedules (I, II, III, IV, and V). Substances are placed in their respective schedules based on whether they have a currently accepted medical use in treatment in the United States and their relative abuse potential and likelihood of causing dependence when abused.

7. That EL MOHANDES is registered under the provisions of the Controlled Substances Act and has been assigned DEA registration FE4897027, authorized to handle controlled substances in Schedules II-V, and is conducting business at 940 Seton Drive, Cumberland, Maryland 21502.

8. That the said place of business located at 940 Seton Drive, Cumberland, Maryland 21502 is a Controlled Premises within the meaning of 21 U.S.C. § 880(a)(1) and (2), and 21 C.F.R. § 1316.02(c)(1) and (2). As such, EL MOHANDES must keep complete and accurate records of all controlled substances received, sold, prescribed, dispensed, purchased, delivered or otherwise disposed of pursuant to 21 U.S.C. § 827 and 21 C.F.R. §§ 1304.01 *et seq.* on the Controlled Premises, and the inspection of the Controlled Premises is designed to ensure compliance with the Controlled Substances Act and its regulations.[2]

---

[2] The Controlled Substances Act provides for the inspection of items such as records, files, and papers, the maintenance of which is not required under the Controlled Substances Act, but which is appropriate for the verification of the requirements of the

9. The Automated Reports and Consolidated Ordering System (ARCOS) is a data collection system which manufacturers and distributors report their controlled substance transactions to DEA. On April 18, 2024, the Affiant reviewed EL MOHANDES DEA registration FE4897027 in ARCOS. The ARCOS data revealed that in 2019, 2020, 2021, 2022, and 2023, EL MOHANDES ordered 41,410 dosage units of schedule II controlled substances that were delivered to his registration address of 940 Seton Drive, Cumberland, Maryland 21502.

10. The Affiant's review of the Maryland Prescription Drug Monitoring Program indicates that EL MOHANDES was dispensing scheduled II controlled substances to his patients at the aforementioned registered address.

11. Finally, the DEA has never inspected the Controlled Premises. Courts "have held that there is probable cause to issue a warrant if the warrant affidavit alleges ... that the regulated Controlled Premises has never previously been inspected ...." *In re Searches & Seizures Conducted on Oct. 2, & 3, 1980*, 665 F.2d

---

Controlled Substances Act. *See* 21 U.S.C. § 880(b)(3)(B). Although the Controlled Substances Act does not explicitly provide for copying of items listed under 21 U.S.C. § 880(b)(3)(B), the Affiant requests that the Court authorize the copying (and seizure if necessary for copying) such items to verify appropriately the records that must be kept under 21 U.S.C. § 880(b)(3)(A). Further, if the relevant items are to be copied at the same time, it will allow DEA to more quickly, efficiently, and thoroughly inspect the Controlled Premises, and minimize disruption of registrants business.

5

775, 777 (7th Cir. 1981); *see also United States v. Osborne*, 512 F. Supp. 413, 414 (E.D. Tenn. 1980).

12. That the Affiant further states that in view of the foregoing circumstances, the inspection contemplated herein is requested to protect the public health and safety, and results from a valid public interest in the effective enforcement of the Controlled Substance Act and implementing regulations.

13. The Affiant further states that the inspection will be conducted between the hours of 8:00 a.m. and 5:00 p.m., Monday through Friday, and that the Investigator's credentials will be presented to the registrant, and that the inspection will begin as soon as practicable after the issuance of the warrant and will be completed with reasonable promptness and that the warrant will be returned within ten (10) days.

14. The Affiant further states that, pursuant to 21 U.S.C. § 827, and 21 U.S.C. § 880(b)(3)(A), the inspection will extend to the inspection and copying of inventories (perpetual and biennial), records, reports, prescriptions, order forms, invoices, files (to include electronically stored or computerized records and files), and other documents required to be kept, and to the inspection of all other things herein, including records, files, and paper appropriate for verifying the records, reports, and documents required to be kept under or otherwise related to compliance with the Controlled Substances Act, including ordered

material drug lists of supplies and suppliers, DEA Form-41s, 106s, and 222s, prescriptions, computerized records of purchase and distribution, and to the extent not covered by the foregoing, all prescriptions and other records which refer to or relate to the receipt, dispensation, administration, or distribution of controlled substances.

15. The Affiant further states that, pursuant to 21 U.S.C. § 880(b)(3)(B), the inspection will extend to the inspection and copying (where applicable and if authorized) of the Controlled Premises, equipment, drugs, containers, and labeling, and all other things in the Controlled Premises including records, files, and papers, processes, controls, and facilities appropriate for the verification of compliance with the Controlled Substances Act such as written and electronic correspondence regarding maintenance of inventories, theft or loss reports, communications related to EL MOHANDES's compliance with the Controlled Substances Act, written policies procedures and training regarding maintenance of inventories, perpetual and biennial inventories, internal audits, and manuals or written material describing computer programs or other procedures used by EL MOHANDES to maintain inventories of controlled substances appropriate for the verification of the records, reports, and documents required to be kept under or otherwise related to compliance with the Controlled Substances Act.

16. The Affiant will be accompanied by one or more Investigators who are employees of the Attorney General authorized to conduct administrative inspections, one or more DEA Agents assigned to the Hagerstown Resident Office, and one or more officers of the Washington County Narcotics Task Force. A return will be made to this Magistrate Judge upon the completion of the inspection. The Affiant further states that he has verified and has knowledge of the facts alleged in this affidavit, and that they are true to the best of his knowledge.

_____
Guy P. McCartney
Diversion Investigator
Drug Enforcement Administration

Sworn to before me and subscribed at 1110
In my presence on this 10th day of
May, 2024.

_____
The Honorable Charles D. Austin
United States Magistrate Judge
District of Maryland